IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



JERRY WELTY, JR.,

    Plaintiff,

v.

Civil Action No. **3:16CV659**

PETE MELETIS, *et al.*,

    Defendants.

## MEMORANDUM OPINION

Jerry Welty, Jr., a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action. On January 5, 2015, Welty was severely beaten by another inmate in the Prince William Manassas Regional Adult Detention Center. Welty contends that, *inter alia*, his rights under the Eighth Amendment were violated because of Defendants'[1] indifference to inadequate security measures at the Jail that led to the assault. For the reasons set forth below, Welty will be DIRECTED to file a Third Particularized Complaint and Defendants' Motions to Dismiss will be DENIED WITHOUT PREJUDICE.

### I. Procedural History

By Memorandum Order entered on January 27, 2017, the Court directed Welty to file a particularized complaint that provided each defendant with fair notice of the facts and legal basis upon which his or her liability rests. (ECF No. 48.) Thereafter, Welty filed his First Particularized Complaint (ECF No. 50.) By Memorandum Order entered on September 14, 2017, the Court informed Welty that his First Particularized Complaint failed to state a claim for

---

[1] Welty names as Defendants: Pete Meletis, George Hurlock, and Glendell Hill. (ECF No. 80, at 1.) Meletis is the Superintendent of the Jail. Hurlock is the Director of Security at the Jail. (ECF No. 1, at 3.) Hill is the Chairman of the Prince William-Manassas Jail Board. (*Id.* at 4.)

relief. (ECF No. 66, at 5.)  The Court gave Welty another opportunity to file a proper complaint. (*Id.* at 6.)  On October 11, 2017, Welty filed his Second Particularized Complaint.  (ECF No. 67.)  On November 30, 2017, the Court directed the Marshal to serve Defendants with the Second Particularized Complaint.  (ECF No. 70.)

On January 3, 2018, Defendants moved to dismiss the Second Particularized Complaint ("First Motion to Dismiss," ECF No. 73.)  On March 5, 2018, Welty filed an Amended Complaint.  (ECF No. 80.)  On March 15, 2018, Defendants filed a motion to dismiss the Amended Complaint ("Second Motion to Dismiss," ECF No. 81).  On April 12, 2018, Welty filed his Opposition to the Second Motion to Dismiss.  (ECF No. 85.)

Welty also has filed a Motion for a Temporary Restraining Order (ECF No. 77) and a Motion for an Injunction.  (ECF No. 83.)

## II. Analysis

### A. Amendments and the Motions to Dismiss

With respect to amendments, the pertinent rule provides:

**(a) Amendments Before Trial.**
　　**(1)** *Amending as a Matter of Course.* A party may amend its pleading once as a matter of course within:
　　　　**(A)** 21 days after serving it, or
　　　　**(B)** if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
　　**(2)** *Other Amendments.* In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires.
　　**(3)** *Time to Respond.* Unless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later.

Fed. R. Civ. P. 15(a).  Thus, while Welty remained free to file the Particularized Complaint, he required leave of the Court or the permission of Defendants prior to filing his Amended

Complaint. However, given the deficiencies of the Amended Complaint and the Second Particularized Complaint described below, the Court will take no action with respect to the Amended Complaint.

Both the Amended Complaint and the Second Particularized Complaint contained a limited number of facts as to why Welty believes the Jail's inadequate security measures and Defendants' indifference resulted in the assault on his person. Thus, Defendants argue that "all of Plaintiff's claims make legal conclusions that are unsupported by the facts as pled." (ECF No. 82, at 5.) Welty's Opposition to the Second Motion to Dismiss and the Memoranda in Support of an Injunction contain detailed factual allegations in support of his contention that the Jail's inadequate security measures and Defendants' indifference resulted in the assault on his person. Neither the Court nor the Defendants is obliged to scour Welty's submissions to piece together the factual allegations that support his claims. Accordingly, the interests of judicial efficiency require that Welty file a Third Particularized Complaint, within twenty (20) days of the date of entry hereof. The Third Particularized Complaint shall contain Welty's legal claims and all the factual allegations which he intends to rely to support his claims. Welty may not incorporate facts from other submissions by reference. The Third Particularized Complaint also shall state whether Welty was a pretrial detainee or a convicted felon at the time he was attacked. The Third Particularized Complaint also shall contain a prayer for relief. The Third Particularized Complaint will SUPPLANT the Second Particularized Complaint and the Amended Complaint. Failure to submit a proper Third Particularized Complaint within twenty (20) days of the date of entry hereof, will result in the dismissal of the action.

Defendants' Motions to Dismiss (ECF Nos. 73, 81) will be DISMISSED AS MOOT. Defendants are free to file a new Motion to Dismiss within twenty (20) days after the filing of

the Third Particularized Complaint. However, should Defendants choose to file a new Motion to Dismiss, the Court would expect a more competent analysis of Welty's failure to protect claim than the single citation to a Supreme Court case. Rather, Defendants should direct to the Court cases that have analyzed a failure to protect that are predicated in part on the physical structure of the jail and the alleged inadequate security measures. Additionally, should Defendants again assert they are entitled to qualified immunity, they "must do more than mention its existence and demand dismissal of the suit." *Fisher v. Neale*, No. 3:10CV486–HEH, 2010 WL 3603495, at *3 (E.D. Va. Sept. 8, 2010). Defendants must (1) identify the specific right allegedly violated "at the proper level of particularity," *Campbell v. Galloway*, 483 F.3d 258, 271 (4th Cir. 2007); (2) brief, with full supporting authority, why the right was not so clearly established as to put a reasonable official on notice of any legal obligations; and, (3) describe with particularity the factual basis supporting the assertion that a reasonable official in Defendants' situation would have believed his conduct was lawful. *See Collinson v. Gott*, 895 F.2d 994, 998 (4th Cir. 1990).

## B. Welty's Motions for Injunctive Relief

Since the filing of the action, Welty has been moved from the Jail and become a state responsible inmate entrusted to the care of the Virginia Department of Corrections. On one occasion in November of 2017, Welty was briefly transported back to the Jail for a civil hearing. (ECF No. 78, at 1.) Welty alleges that while housed at the Jail, a staff member retaliated against him by, *inter alia*, denying him privileges and mocking him. (*Id.* at 2.) On February 8, 2018, Welty was scheduled to appear at another civil hearing near the Jail. (*Id.*) In his Motion for a Temporary Restraining Order filed on January 31, 2018, Welty requests that the Court enter an immediate restraining order preventing Defendants from ever again taking custody of his person.

Because there does not appear any need to enter such an order, Welty's Motion for a Temporary Restraining Order (ECF No. 77) will be DENIED.

In his Motion for Injunction, Welty requests that the Court enter an order directing Defendants to make a variety of security improvements at the Jail. "[A]s a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there." *Rendelman v. Rouse*, 569 F.3d 182, 186 (4th Cir. 2009) (citing *Incumaa v. Ozmint*, 507 F.3d 281, 286–87 (4th Cir. 2007); *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991); *Taylor v. Rogers*, 781 F.2d 1047, 1048 n.1 (4th Cir. 1986)). That is the case here. Accordingly, Welty's Motion for Injunction (ECF No. 83) will be DENIED AS MOOT.

An appropriate Order will accompany this Memorandum Opinion.

Date: 6/19/18
Richmond, Virginia

/s/ /K/
John A. Gibney, Jr.
United States District Judge

5